**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SPARKCOGNITION, INC., *Plaintiff*, | § § § | Cause Number: 1:22-cv-581 |
| v. | § § § | **JURY TRIAL DEMANDED** |
| ALEX J. BOGOEVICH, *Defendant*. | § § § | |

**COMPLAINT**

Plaintiff SparkCognition, Inc. brings this action against Defendant Alex J. Bogoevich and alleges as follows:

**Summary of Dispute**

1. Alex Bogoevich is a former employee of SparkCognition, an artificial intelligence company based in Austin, who was terminated from his position as an account executive. In the weeks leading up to his final date of employment, Bogoevich misappropriated confidential and proprietary information from SparkCognition by (i) emailing SparkCognition information to his personal email account and (ii) secretly using USB storage devices to access information from his SparkCognition-issued computer. This information included SparkCognition files reflecting highly confidential and proprietary artificial intelligence solutions, business proposals, use cases, and client and potential customer contact lists. Bogoevich did not have authorization to take this information, and had no reason to do so unless he plans to use SparkCognition's information against it. SparkCognition became aware of this misappropriation by forensically examining Bogoevich's business email account and his company-issued computer. When confronted by SparkCognition through a cease-and-desist correspondence, and given the opportunity to confirm that he is not using the information and would not further disseminate that information, Bogoevich declined to do so. Accordingly, SparkCognition brings this action to stop Bogoevich from possession and use of its confidential and proprietary information,

1

and to hold him accountable for his conduct.

## Parties

2. SparkCognition is a Delaware corporation with its principal place of business located at 12708 Riata Vista Circle, Suite B-100, Austin, Texas 78727.

3. Upon information and belief, Alex J. Bogoevich is a former SparkCognition employee currently residing at 46 Pine Court, Grosse Pointe Farms, Michigan 48236.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367 because at least one of SparkCognition's claims arises under federal law and all of SparkCognition's claims form part of the same case or controversy. This Court also has jurisdiction under 28 U.S.C. § 1332 because SparkCognition and Bogoevich are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Bogoevich because Bogoevich consented to the personal jurisdiction of this Court by signing SparkCognition's "Personnel Confidentiality and Assignment Agreement," which he is alleged to have breached. (Ex. A.) Further, relevant events or omissions in this case occurred in Texas. Accordingly, this Court has personal jurisdiction over Bogoevich.

6. Venue is proper in the Western District of Texas because Bogoevich consented to venue in this Court by signing SparkCognition's "Personnel Confidentiality and Assignment Agreement," which he is alleged to have breached. (Ex. A.) Further, venue is proper under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to SparkCognition's claims occurred in Travis County, Texas.

## Facts

7. SparkCognition is an artificial intelligence company based in Austin, Texas.

8. SparkCognition's business involves developing highly technical, proprietary artificial intelligence solutions for use in a wide variety of business sectors, including

defense, aviation, financial services, manufacturing, and oil and gas.

9. SparkCognition also creates and provides proprietary business proposals and use cases to demonstrate to current and potential customers how its artificial intelligence solutions can optimize processes, solve critical problems, and enable a more sustainable, safer, and profitable business. These business proposals and use cases include proprietary information on the pricing of SparkCognition's artificial intelligence solutions.

10. SparkCognition also creates and keeps proprietary client and potential customer contact lists for its current and potential customers. This information forms the basis of SparkCognition's efforts to add and retain customers.

11. SparkCognition leverages its proprietary artificial intelligence solutions, business proposals, use cases, and contact lists to generate revenue and to operate its business. SparkCognition generates revenue through interstate commerce, and has partnered with a wide variety of global companies, including BP, Lenovo, Siemens, and Shell. SparkCognition's customers use and realize profits from SparkCognition's artificial intelligence solutions, business proposals, and use cases through interstate commerce.

12. If SparkCognition's artificial intelligence solutions, business proposals, and use cases were disseminated to a competitor, such disclosure would jeopardize SparkCognition's competitive advantages that it has spent years developing. For example, a company that gained access to SparkCognition's proprietary artificial intelligence solutions, business proposals, and use cases could use those materials to improve on its own products without the cost and investment SparkCognition has incurred and price those products lower than the prices used by SparkCognition.

13. SparkCognition's contact lists are proprietary and were developed by SparkCognition to gain a competitive advantage in the marketplace.

14. If SparkCognition's contact lists were disseminated to a competitor, that competitor could use that information to poach actual and potential SparkCognition customers that would not otherwise be readily known or easily accessible.

15. Because SparkCognition's value as a company is dependent on the competitive advantage SparkCognition reaps from its artificial intelligence solutions, business processes, use cases, and contact lists not being widely known, SparkCognition takes considerable precautions to safeguard its proprietary information and limit its partners' access to competitively sensitive information. For example, SparkCognition requires all persons with access to its competitively sensitive information to sign confidentiality and nondisclosure agreements.

16. In March 2021, SparkCognition hired Alex J. Bogoevich to serve as an Account Executive.

17. When Bogoevich joined SparkCognition, he signed multiple agreements which required him to keep confidential and not disclose proprietary information received through his employment with SparkCognition. Bogoevich also acknowledged that all proprietary information was the exclusive property of SparkCognition.

18. On May 13, 2022, Bogoevich was informed that he was being terminated from his employment at SparkCognition, effective June 1, 2022.

19. SparkCognition has discovered that Bogoevich repeatedly accessed SparkCognition's confidential and proprietary information and emailed some of that information to his personal email account prior to his June 1, 2022 termination date. The information that Bogoevich accessed and emailed to his personal email account include:

- Descriptions and explanations of SparkCognition's proprietary artificial intelligence solutions;
- Customer proposals using SparkCognition's proprietary artificial intelligence solutions and pricing information;
- Use cases demonstrating SparkCognition's proprietary artificial intelligence solutions and pricing information; and
- Client and potential customer contact lists.

The materials Bogoevich accessed and emailed to his personal email account were not publicly available, and SparkCognition expended significant time and resources to develop this proprietary information and to keep this information confidential. If these materials were publicly disseminated or distributed to one of SparkCognition's competitors, that disclosure would damage SparkCognition in imminent and irreparable fashion.

20. SparkCognition has also discovered that, prior to his June 1, 2022 termination date, Bogoevich repeatedly used USB mass storage devices and USB flash drive devices on his company-issued computer. His activity included using a USB device for more than an hour during the week prior to his termination. On information and belief, Bogoevich used these USB devices to transfer SparkCognition's confidential and proprietary information.

21. The confidential and proprietary information is stored on devices, systems, and databases that are encrypted, password protected, USB ports disabled, routinely updated with security patches, and only accessible to SparkCognition employees that have signed agreements prohibiting the unauthorized disclosure or dissemination of SparkCognition's proprietary information. What's more, not all SparkCognition employees are given access to the devices, systems, or databases that were accessed by Bogoevich. Instead, access to these devices, systems, and databases is granted on a user-by-user basis. This restrictive system is designed to protect SparkCognition's confidential and proprietary information from dissemination or disclosure to third parties.

22. Bogoevich emailed and/or transferred via USB device SparkCognition's information to himself so that he could either distribute that information to third parties or so that he could use the information to personally enrich himself through his dealings with third parties.

23. On June 8, 2022, SparkCognition served a cease-and-desist letter on Bogoevich, and demanded that he (i) cease and desist the use of any SparkCognition information in his possession, custody, or control; (ii) return all SparkCognition information in his possession, custody, or control; (iii) identify all parties with whom he has improperly

shared SparkCognition's information; and (iv) provide access to all devices and/or equipment with which he had accessed either (a) his personal email account or (b) SparkCognition's information. Bogoevich acknowledged receipt of the letter, retained counsel, and responded to SparkCognition's letter, but he did not confirm that he has or will comply with SparkCognition's demands.

24. Bogoevich's brazen conduct, and his refusal to comply with SparkCognition's demands to protect its confidential and proprietary information, suggests that Bogoevich has misappropriated other confidential and proprietary information belonging to SparkCognition, including but not limited to copying and misappropriating information provided during his employment for use following his termination. SparkCognition's investigation into Bogoevich's activities is ongoing.

25. By possessing and using SparkCognition's confidential and proprietary information, Bogoevich has caused and continues to cause irreparable harm to SparkCognition. SparkCognition has spent years of resources, including millions of dollars of funding and the work of countless employees, to develop, utilize, and protect its artificial intelligence solutions, business proposals, use cases, and client and customer contact lists. Bogoevich's possession and use of this information would allow a competitor to benefit from SparkCognition's innovation and irreparably diminish the value of SparkCognition's products.

### Causes of Action

### Count 1: Trade Secret Misappropriation
### (18 U.S.C. § 1836(b))

26. The preceding paragraphs are incorporated by reference for this cause of action.

27. The proprietary information misappropriated by Bogoevich is related to a product or service used in, or intended for use in, interstate commerce. Specifically, the artificial intelligence solutions, business proposals, use cases, and contact lists, and other

information described above that was emailed and/or transferred onto USB devices by Bogoevich are used by SparkCognition to develop products and services and to contact current and potential customers outside of Texas and throughout the United States, including the federal government.

28. The information emailed and/or transferred onto USB devices by Bogoevich to himself from SparkCognition's devices, systems, and databases is entitled to trade-secret protection because (i) it consists of technical and strategic information in the form of artificial intelligence solutions and contact lists; (ii) SparkCognition has taken reasonable efforts to keep the information secret; and (iii) the information derives independent economic value from not being generally known to or ascertainable by other persons through proper means.

29. Bogoevich misappropriated SparkCognition's trade secrets. When Bogoevich emailed SparkCognition's confidential and proprietary information to his personal email account, he knew or had reason to know that he was not authorized to email that information to his personal email account. And when Bogoevich transferred SparkCognition information onto USB devices, he knew or had reason to know that he was not authorized to make those transfers. Relatedly, Bogoevich used improper means to acquire those trade secrets because Bogoevich lacked SparkCognition's consent or authorization to email and/or transfer to himself or otherwise disclose its proprietary information. *See* 18 U.S.C. § 1839(5) (defining "misappropriation" to include "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means"); *id.* § 1839(6) (defining "improper means" to include "breach or inducement of a breach of a duty to maintain secrecy"). Additionally, Bogoevich misappropriated and used SparkCognition's trade secrets by (i) disseminating the information emailed and/or transferred to himself from SparkCognition and/or (ii) using his knowledge of the information to enrich himself in his dealings with third parties. Bogoevich knew that the brunt of the harm resulting from this misappropriation would be felt in Texas,

where SparkCognition is headquartered.

30. SparkCognition will seek an injunction (i) requiring Bogoevich to return SparkCognition's proprietary information; (ii) preventing Bogoevich from using or disclosing that information; (iii) requiring Bogoevich to disclose all parties with whom he has shared the information; and (iv) requiring Bogoevich to provide access to all devices and/or equipment which he had accessed either (a) his personal email account or (b) SparkCognition's information. *See* 18 U.S.C. § 1836(b)(3)(A)(i) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may grant an injunction to prevent any actual or threatened misappropriation . . . .").

31. Additionally, SparkCognition seeks damages for actual loss caused by the misappropriation and damages for any unjust enrichment resulting from Bogoevich's misappropriation. SparkCognition also seeks to recover its attorneys' fees and exemplary damages because Bogoevich's misappropriation was both willful and malicious.

**Count 2: Trade Secret Misappropriation**
**(TEX. CIV. PRAC. & REM. CODE § 134A.001 et seq.)**

32. The preceding paragraphs are incorporated by reference for this cause of action.

33. Bogoevich misappropriated SparkCognition's trade secrets as described in Paragraphs 6–25.

34. SparkCognition will seek an injunction (i) requiring Bogoevich to return SparkCognition's proprietary information; (ii) preventing Bogoevich from using or disclosing that information; (iii) requiring Bogoevich to disclose all parties with whom he has shared the information; and (iv) requiring Bogoevich to provide access to all devices and/or equipment which he had accessed either (a) his personal email account or (b) SparkCognition's information. *See* TEX. CIV. PRAC. & REM. CODE § 134A.003(a) ("Actual or threatened misappropriation may be enjoined . . . .").

35. Additionally, SparkCognition seeks damages for actual loss caused by the

misappropriation and for any unjust enrichment resulting from Bogoevich's misappropriation. SparkCognition also seeks exemplary damages because Bogoevich's misappropriation was both willful and malicious.

## Count 3: Computer Fraud and Abuse
### (18 U.S.C. § 1030(g))

36. The preceding paragraphs are incorporated by reference for this cause of action.

37. SparkCognition is engaged in interstate commerce and uses its confidential and proprietary information to provide services to clients throughout the United States. *See supra* ¶¶ 7–11.

38. Bogoevich intentionally accessed a protected computer without authorization by emailing and/or transferring via USB device to himself SparkCognition's valuable, confidential, and proprietary information after he had been notified of his impending termination as an employee of SparkCognition.

39. The value of that proprietary information and the damage caused by its unauthorized dissemination are well in excess of $5,000. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I).

40. SparkCognition seeks actual damages resulting from Bogoevich's unauthorized emailing and/or transferring via USB device to himself of SparkCognition's proprietary information, and will seek an injunction (i) requiring Bogoevich to return SparkCognition's proprietary information; (ii) preventing Bogoevich from using or disclosing that information; (iii) requiring Bogoevich to disclose all parties with whom he has shared the information; and (iv) requiring Bogoevich to provide access to all devices and/or equipment which he had accessed either (a) his personal email account or (b) SparkCognition's information.

## Count 4: Breach of Contract
### (Texas Common Law)

41. The preceding paragraphs are incorporated by reference for this cause of action.

42. SparkCognition and Bogoevich entered into various agreements whereby SparkCognition agreed to employ Bogoevich and Bogoevich agreed to protect SparkCognition's proprietary information. (*See, e.g.,* Ex. A.)

43. Bogoevich also agreed that all proprietary information constituted the property of SparkCognition. (*See, e.g.,* Ex. A ¶ 1.) This included all developments, methods, or trade secrets created, made, or reduced during his employment at SparkCognition. (*See, e.g.,* Ex. A ¶ 5.)

44. SparkCognition performed by employing Bogoevich until Bogoevich was terminated from SparkCognition effective June 1, 2022.

45. Bogoevich breached the parties' agreements by emailing to himself and/or transferring via USB device confidential and proprietary information belong to SparkCognition through SparkCognition's devices, systems, and databases, even though (i) Bogoevich was not authorized to email or transfer via USB device that information to himself and (ii) the information belonged to SparkCognition.

46. The value of SparkCognition's proprietary information is tied to the degree to which that information is kept confidential and is not disclosed or disseminated in the marketplace.

47. SparkCognition seeks damages resulting from Bogoevich's breach, and will seek an injunction (i) requiring Bogoevich to return SparkCognition's proprietary information; (ii) preventing Bogoevich from using or disclosing that information; (iii) requiring Bogoevich to disclose all parties with whom he has shared the information; and (iv) requiring Bogoevich to provide access to all devices and/or equipment which he had accessed either (a) his personal email account or (b) SparkCognition's information.

SparkCognition also intends to seek attorneys' fees and costs under the agreement and Texas Civil Practice and Remedies Code § 38.001.

## Jury Demand

48. SparkCognition demands a jury trial on all claims that may be tried to a jury.

## Prayer for Relief

SparkCognition requests damages to the fullest extent permitted by law, an injunction (i) requiring Bogoevich to return SparkCognition's proprietary information; (ii) preventing Bogoevich from using or disclosing that information; (iii) requiring Bogoevich to disclose all parties with whom he has shared the information; and (iv) requiring Bogoevich to provide access to all devices and/or equipment which he had accessed either (a) his personal email account or (b) SparkCognition's information, pre- and postjudgment interest to the extent allowed by law, attorneys' fees and costs, and all other relief available in law or equity to which SparkCognition may be justly entitled.

Respectfully submitted,

/s/ *Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
Gerard F. Bifulco
N.Y. Bar No. 5458609
(Application for Admission to the United States District Court for the Western District of Texas pending)

**CLEVELAND | KRIST PLLC**
303 Camp Craft Road, Suite 325
Austin, Texas 78746
512-689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com
gbifulco@clevelandkrist.com

*Attorneys for SparkCognition*

11